SUMMARY ORDER
Plaintiff-appellant Yan Goldstein, proceeding pro se, challenges a February 5, 2008 order of the District Court granting the motion for summary judgment of defendant-appellee Robert Half International, Inc. (“RHI”) in plaintiffs suit alleging discrimination on the basis of national origin in violation of Title VII of the Civil Rights Act of 1964 (“Title VII”), 42 U.S.C. § 2000e, et seq. On appeal, plaintiff argues that the District Court erred in (1) holding that he failed to establish a prima facie case for discrimination; (2) holding that one of his claims was precluded because he had not raised it in his EEOC charges; (3) denying his motion to amend his complaint; and (4) denying his motion to compel discovery. We assume the parties’ familiarity with the facts and procedural history of the case.
We review the District Court’s grant of summary judgment de novo, construing all facts in favor of the non-moving party. See, e.g., Graves v. Finch Pruyn & Co., Inc., 457 F.3d 181, 183 (2d Cir.2006). Summary judgment is warranted only upon a showing “that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.” Fed R. Civ. P. 56(c).
We hold that the District Court properly granted RHI’s motion for summary judgment. In particular, we note that plaintiff adduced no evidence from which a trier of fact might infer that RHI’s failure to refer him for certain job postings was motivated by discriminatory animus. *27 See Meiri v. Dacon, 759 F.2d 989, 998 (2d Cir.1985) (noting that a plaintiff cannot establish a prima facie for discrimination under Title VII based on “purely concluso-ry allegations of discrimination, absent any concrete particulars”). Moreover, the record is devoid of evidence from which one might infer that RHI’s proffered rationale for not referring him for the positions at issue was pretext for unlawful discrimination. See James v. New York Racing Ass’n, 233 F.3d 149, 154 (2d Cir.2000) (“[0]nce the employer has proffered its nondiscriminatory reason, the employer will be entitled to summary judgment ... unless the plaintiff can point to evidence that reasonably supports a finding of prohibited discrimination.”).
The District Court did not err in holding that plaintiffs claim with respect to “Posting 11” was precluded because he did not raise it in either of his EEOC charges, and it was not reasonably related to his other charges. See Butts v. City of New York Dep’t of Hous. Pres. & Dev., 990 F.2d 1397, 1401 (2d Cir.1993) (“A district court only has jurisdiction to hear Title VII claims that either are included in an EEOC charge or are based on conduct subsequent to the EEOC charge which is ‘reasonably related’ to that alleged in the EEOC charge.”)
Finally, the District Court did not abuse its discretion in denying plaintiffs motion to amend his complaint, see, e.g., Nettis v. Levitt, 241 F.3d 186, 192 (2d Cir.2001) (“We review only for abuse of discretion a district court’s decision to permit or deny leave to amend a complaint, keeping in mind that leave to amend should be freely granted when justice so requires.” (internal quotation marks omitted)), or in his motion to compel discovery, see, e.g., Gualandi v. Adams, 385 F.3d 236, 244-45 (2d Cir.2004) (reviewing denial of a motion to compel for abuse of discretion). Plaintiff waited until after the close of discovery to request leave to amend his complaint, and he has failed to demonstrate how the opportunity to amend would have permitted him to plead a prima facie claim of discrimination. Similarly, we note that plaintiffs requests for discovery were untimely and without merit.
CONCLUSION
For the reasons stated above, the February 5, 2008 judgment of the District Court is AFFIRMED.
No costs.